UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOEL DEPERCIN,

                                      Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
DONALD PIRONE (SHIELD NO. 10907), POLICE
OFFICER JOHN DOE 1-2.

                                      Defendants.

**COMPLAINT**

Jury Trial Demanded

10-CV-6633(CM)

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution. Specifically, plaintiff alleges that, on July 6, 2010, defendants falsely arrested him, used excessive force, and made false allegations about him to the Bronx County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

**PARTIES**

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Donald Pirone and John Does (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Pirone and the Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

7. On July 6, 2010, at approximately 10:45 a.m. plaintiff picked up a friend, Basin Yamani, at a shopping center and was driving away when he was summoned to pull over by the lights and sirens of the officer's police van.

8. Plaintiff exited his car and asked the officers why he was being pulled over; plaintiff had broken no criminal or traffic laws. The officers ordered plaintiff back into his car. Plaintiff complied.

9. Plaintiff was then ordered to exit his car. Plaintiff was placed under arrest and placed in exceptionally tight handcuffs. The handcuffs were so tight, plaintiff's hands painfully swelled. Plaintiff was then taken to the 44th Precinct.

10. Plaintiff's designated "arresting officer" was Donald Pirone.

11.  While plaintiff was incarcerated in the precinct, Pirone, pursuant to a conspiracy with other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff committed the crime of Disorderly Conduct.

12.  Around 4:30 p.m, plaintiff was transported to New York Central Booking.

13.  Officer Pirone conveyed false information to prosecutors in order to have plaintiff prosecuted.

14.  Around 10:00 a.m. on July 7, 2010 Plaintiff, appeared before a judge and was given an ACD.

15.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain, numbness, and bruising from the excessively tight handcuffs.

## FIRST CLAIM
## (FALSE ARREST)

16.  Plaintiff repeats the foregoing allegations.

17.  No officer observed plaintiff commit a crime on July 6, 2010.

18.  At no time on July 6, 2010 did plaintiff commit a crime.

19.  Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

## SECOND CLAIM
## (UNREASONABLE FORCE)

20.  Plaintiff repeats the foregoing allegation.

21. In the course of arresting plaintiff, the officers handcuffed plaintiff in an unreasonably tight manner and strip searched plaintiff without reasonable cause.

22. This use of force and strip search was objectively unreasonable.

23. Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM
### (FABRICATION OF EVIDENCE)

24. Plaintiff repeats the foregoing allegations.

25. Defendants, pursuant to a conspiracy, falsely stated to the Bronx County District Attorney's Office that plaintiff had committed a crime.

26. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against her and denying him a fair trial.

### FOURTH CLAIM
### (MONELL CLAIM)

27. Plaintiff repeats the foregoing allegations.

28. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

29. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    September 3, 2010
                New York, New York

_____
ROBERT MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427